UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN D. LISLE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-1577-CSB |
| | ) |
| P. SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

ORDER

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court on Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. Because Plaintiff Steven D. Lisle, Jr., failed to exhaust properly his administrative remedies prior to filing this suit, Defendants are entitled to the summary judgment that they seek.

I.
MATERIAL FACTS

Plaintiff Steven Lisle, Jr., is an inmate with the Illinois Department of Corrections ("IDOC"). During the relevant time, Lisle was being housed at the IDOC's Pontiac Correctional Center ("Pontiac"). On January 11, 2018, the Court granted Lisle's motion for leave to file an amended complaint. On January 31, 2018, the Court determined that Lisle's Amended Complaint stated claims for excessive force, for retaliation in violation of his First Amendment rights, for failure to protect him from the excessive force, for cruel and unusual punishment based upon the conditions of his confinement, and for deliberate indifference to his serious medical needs.

1

Lisle is a frequent litigator in this Court and in other federal courts. So, before he filed this suit, Lisle submitted a relevant grievance dated November 16, 2017. Defendants have now moved for summary judgment arguing that Lisle did not fully exhaust his administrative remedies with regard to this grievance.

## II.
## STANDARDS GOVERNING SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993). "As with any summary judgment motion, we review cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the nonmoving party." *Laskin v. Siegel*, 728 F.3d 7314, 734 (7th Cir. 2013)(internal quotation marks omitted).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (Brennan, J., dissenting) (1986)(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III.
### STANDARDS GOVERNING EXHAUSTION

Furthermore, the Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

No futility, sham, or substantial compliance exception exists to this requirement,

and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even though surgery was performed and only money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001)(the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary

hearing. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether: (a) the plaintiff has unexhausted remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. *Id.* No evidentiary hearing is necessary, however, if there are "no disputed facts regarding exhaustion" and "only a legal question" is presented. *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

Illinois has established an internal administrative grievance system for prisoners to complete in order to correct a problem that the prisoner encounters within the prison setting. 20 Ill. Admin. Code § 504.810 *et seq.* Under the current grievance procedures, a prisoner may file a written grievance with his grievance officer within sixty (60) days of discovery of the dispute. *Id.* The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint . . . [or] as much descriptive information about the individual as possible." *Id.*

The grievance officer is then required to review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill.

Adm. Code § 504.810(c).  The prisoner then has the opportunity to review the CAO's response. 20 Ill. Adm. Code § 504.830(e).  If the prisoner is unsatisfied with the institution's resolution of the grievance, he may file an appeal to the Director through the Administrative Review Board ("ARB") within thirty (30) days of the CAO's decision. 20 Ill. Adm. Code § 504.850.  The ARB is required to make a final determination of the grievance within six months after receiving it. *Id.*  Completion of this process exhausts a prisoner's administrative remedies.

## IV.
## PLAINTIFF FAILED TO EXHAUST PROPERLY HIS ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS SUIT

Lisle failed to exhaust properly his administrative remedies prior to filing this suit.  Specifically, Lisle failed to obtain a final determination from the Administrative Review Board ("ARB") on his November 16, 2017 grievance.  Accordingly, Defendants are entitled to summary judgment because Lisle failed to exhaust his administrative remedies against them.

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  "[A] prisoner who does not properly take each stop within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*. "[P]ursuing a premature, procedurally flawed grievance through the entire administrative process does not constitute exhaustion.  The rules governing the filing and prosecution of a grievance, including the appeal, must be followed to achieve exhaustion; substantial compliance is insufficient." *Wilder v. Sutton*, 2008 WL 515506, * 9

(S.D. Ill. Feb. 22, 2008)(citing *Lewis v. Washington* 300 F.3d 829, 833-834 (7th Cir. 2002)).

Lisle has failed to identify or to present the Court with a final determination from the Director or from the ARB regarding the denial of his November 16, 2017 grievance. As such, Lisle failed to exhaust his administrative remedies.

The only correspondence from the ARB regarding Lisle's November 16, 2017 grievance does not constitute a final determination for exhaustion purposes. The ARB's notice to Lisle requested more information so that the ARB can make a proper, final determination on his November 16, 2017 grievance. Lisle has offered no evidence, and he does not even assert, that he provided the ARB with the additional information that the ARB sought. More importantly, Lisle does not offer any evidence that the ARB issued a final determination after receiving any supplement provided by Lisle.

The purpose of a grievance procedure in a prison setting is to allow a prisoner to resolve his issues or disputes with prison officials and staff at the institutional level without having to seek judicial help. *Dettlaff v. Wayne*, 2018 WL 5793596, * 10 (W.D. Wis. Nov. 5, 2018)(citing *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006)("The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation."). By ignoring the ARB's request for additional documentation, Lisle thwarted the purpose of the administrative process and, thereby, failed to exhaust his administrative remedies. *Id*.

This is the conclusion reached by at least one other district court in this circuit. In *Edens v. O'Brien*, 2016 WL 4191756 (N.D. Ill. Aug. 9, 2016), the United States District Court for the Northern District of Illinois faced a situation similar to this one where the

7

prisoner plaintiff failed to comply with a directive from the ARB. As it did with Lisle, the ARB sent the plaintiff in *Edens* "a Return of Grievance letter requesting that he provide: (1) a copy of his written offender's grievance, including his Counselor's response; and (2) a copy of the response to the offender's grievance, including the Grievance Officer's response and the Chief Administrative Officer's response." *Id*. at * 3. Also, like Lisle, the plaintiff in *Edens* did not comply with the ARB's directions. *Id*. Finally, the plaintiff in *Edens* (like Lisle) claimed that he had exhausted his administrative remedies even though the ARB had not issued a final determination. *Id*.

The Northern District cited to and considered the relevant case law on this issue written by the United States Court of Appeals for the Seventh Circuit. In the end, the Northern District concluded that the plaintiff in *Edens* had failed to exhaust his administrative remedies prior to filing suit:

> [P]laintiff here made no attempt to comply with [the ARB's] instruction. While plaintiff was arguably entitled to ignore Warden Chandler's directive to resubmit his grievance by filing his appeal, it would be contrary to Seventh Circuit precedent to find that he was entitled to ignore the ARB's instructions to submit additional information. . . . In *Ford v. Johnson*, 362 F.3d 395 (7th Cir. 2004), the Seventh Circuit noted that where a prisoner filed an appeal to the ARB, the ARB asked for additional information, and the prisoner refused to provide it, he had abandoned his grievance. *See id.* at 397 (noting that "[s]imilar reasoning supports dismissal of a civil suit for failure to prosecute. No rule of law requires a plaintiff to testify (or give a deposition) in his own suit, but failure to do so may justify a termination on procedural grounds without reaching the merits. Just as courts may dismiss suits for failure to cooperate, so administrative bodies may dismiss grievances for lack of cooperation; in either case this procedural default blocks later attempts to litigate the merits."). Moreover, in *Cannon v. Washington*, 418 F.3d 714 (7th Cir. 2005), the Seventh Circuit found that a grievant failed to exhaust remedies for an untimely grievance when he "ignored both of the ARB's instructions concerning the form of his response" and "fail[ed] to take advantage of

> the procedure offered by the ARB for reconsidering the grievance." *Id.* at 718; *see also Dole v. Chandler*, 438 F.3d 804, 811 (7th Cir. 2006)(recognizing that the plaintiff in *Cannon* had failed to exhaust because after his initial procedural error, "he did not follow the ARB's explicit instructions to rectify his original mistake").
>
> Here, the ARB's explicit instructions called for some response. If plaintiff did not believe he was required to submit the requested documents because he only sought to appeal the denial of emergency status, he should have so informed the ARB and awaited a determination. If he was attempting a merits review, he should have complied with the instructions by attempting to resubmit his grievance through the normal procedure. While plaintiff may believe that he did all that was required, what constitutes a proper appeal is not up to plaintiff; it is up to the prison. *See Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002)(holding that "grievances must contain the sort of information that the administrative system requires" and that "[i]t is up to the administrators to determine what is necessary to handle grievances effectively"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)("Prisons are unlikely to entertain many appeals . . . by prisoners who . . . thumb their noses at the specified procedures.").

*Id.* at * 9 (footnote omitted).

Just like the plaintiff in *Edens*, Lisle received specific instructions from the ARB to submit additional information. Just like the plaintiff in *Edens*, Lisle ignored the ARB's directions. So just like the plaintiff in *Edens*, Lisle has failed to exhaust his administrative remedies, and Defendants are entitled to the summary judgment that they seek.

Lisle's argument as to why the Court should deny Defendants' motion misses the point. Lisle claims that he was not required to start the grievance process anew once his emergency grievance was denied as not constituting an emergency.

But that is not Defendants' arguments, and that is not what happened here. The ARB did not instruct Lisle to begin the process again because his grievance did not

9

constitute an emergency.  The ARB instructed Lisle to provide it with specific information so that it could resolve his appeal of his November 16, 2017 grievance.  Lisle ignored the ARB's instructions and, instead, filed this lawsuit.  In so doing, Lisle failed to exhaust properly his administrative remedies, and Defendants are entitled to the summary judgment that they seek.

**IT IS, THEREFORE, ORDERED:**

**1.    Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies [55] is GRANTED.   The Clerk of the Court is directed to enter judgment in Defendants' favor and against Plaintiff.  All other pending motions are denied as moot, and this case is terminated with the Parties to bear their own costs.  All deadlines and settings on the Court's calendar are vacated.**

**2.    If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**3.    If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, his motion for leave to appeal** *in forma pauperis* **must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards***, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien***, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some**

merit" from a legal perspective).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED this 22nd day of April, 2019

                                                     s/ Colin S. Bruce
                                                     COLIN S. BRUCE
                                    UNITED STATES DISTRICT JUDGE